LESTER J. MARSTON
Email: ljmarston@rmlawoffice.net
*Attorney for Plaintiff, Chemehuevi Indian Tribe*
California State Bar No. 081030
LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235

KOSTAN R. LATHOURIS
Email: law@lathouris.com
*Attorney for Plaintiff, Chemehuevi Indian Tribe*
California State Bar No. 315329
LATHOURIS LAW PLLC
1447 Evening Song Ave
Henderson, NV 89012
Telephone: 702-473-0581

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHEMEHUEVI INDIAN TRIBE, a federally recognized Indian tribe,

Plaintiff,

v.

HAVASU WATER COMPANY, et al.

Defendants.

Case No. EDCV 20-471-GW-KKx

**FINAL ORDER HOLDING DEFENDANTS IN CIVIL CONTEMPT, IMPOSING COERCIVE SANCTIONS, AND SETTING COMPLIANCE PROCEEDINGS**

Date: August 27, 2026
Time: 8:30 a.m.
Judge: Hon. George H. Wu
Trial Date: TBD
Action Filed: March 9, 2020

On August 27, 2026, the Court conducted a hearing on Plaintiff Chemehuevi Indian Tribe's ("Tribe") Ex Parte Application for an Order to Show Cause Regarding Civil Contempt, Sanctions, and Enforcement of the Amended Order of Ejectment ("Application") (Dkt. 330).

The Court considered the Application and its supporting evidence, Defendants' (collectively, "HWC") opposition and supporting evidence (Dkts. 336–337), the Tribe's reply (Dkt. 339), the relevant record, and the arguments presented at the hearing. For the reasons stated in the Court's Tentative Ruling and on the record at the hearing, the Court adopts the Tentative Ruling as its final ruling, as supplemented and clarified by this Order, and ORDERS as follows:

## I. FINDINGS AND CIVIL CONTEMPT

**(1)** On August 26, 2026, the Court issued its Tentative Ruling on Plaintiff Chemehuevi Indian Tribe's Ex Parte Application for Order to Show Cause Regarding Civil Contempt, Sanctions, and Enforcement of Amended Order of Ejectment ("Application"). Dkt. 340.

**(2)** Following oral argument on August 27, 2026, the Court adopted its Tentative Ruling as its Final Ruling and granted the Tribe's Application. Dkt. 341.

**(3)** The Court finds that HWC violated the Court's Amended Order of Ejectment and Enjoining Defendants, Dkt. 303, as modified by Dkt. 329 (collectively, the "Ejectment Order") and holds HWC in civil contempt.

## II. COMPLIANCE AND PURGE

**(4)** For purposes of the coercive civil sanction imposed below, HWC achieves "full compliance" only when it actually ceases the unauthorized use of Tribal trust land prohibited by the Ejectment Order.

**(5)** Payment of the civil sanction, cooperation with governmental agencies, pursuit of an alternative water source, or the appointment of a receiver, special master, or neutral does not, standing alone, constitute full compliance or purge HWC's contempt.

**(6)** If HWC claims that it has achieved full compliance, it shall file and serve, within one business day, a declaration from an authorized representative identifying the date and time compliance was achieved and describing the actions taken. The Court retains authority to determine the effective date of full compliance.

## III. <u>DAILY COERCIVE SANCTION AND PAYMENT</u>

**(7)** Beginning August 27, 2026, HWC shall pay the Tribe a coercive civil sanction of $100 for each calendar day until HWC achieves full compliance with the Ejectment Order.

**(8)** The sanction shall be paid weekly in installments of $700. The first installment, covering August 27 through September 2, 2026, shall be due September 3, 2026. Each subsequent $700 installment shall be due every Thursday and shall cover the immediately preceding seven calendar days.

**(9)** Payments shall be made to the Tribe through its legal counsel in the manner counsel specifies in writing. Each payment shall identify the seven-day period for which it is made.

**(10)** If HWC achieves full compliance during a partial seven-day period, it shall pay $100 for each calendar day through and including the date full compliance is achieved. The final partial payment shall be due within three business days after HWC files the declaration required by paragraph 6.

**(11)** The $100 daily amount is the initial coercive civil sanction. Following

review of HWC's financial production, the Court may determine whether a prospective increase in the sanction is warranted.

**(12)** Payment of the sanction does not authorize continued operation, excuse compliance with the Ejectment Order, or create an easement, license, possessory interest, right of access, or other right to use the Tribe's lands.

## IV. FINANCIAL PRODUCTION

**(13)** No later than September 17, 2026, HWC shall produce to the Tribe's outside legal counsel financial records sufficient to permit the Court to evaluate HWC's financial condition, including all money HWC is receiving from its customers and its expenses.

**(14)** The production shall include: **(A)** HWC's year-end 2025 and most current 2026 year-to-date balance sheets and profit-and-loss or income statements; **(B)** records sufficient to show all amounts billed to, collected from, or otherwise received from HWC's customers from January 1, 2026, through the date of production; **(C)** HWC's general ledger, expense report, or equivalent records sufficient to show all operating and business expenses incurred or paid from January 1, 2026, through the date of production; **(D)** monthly statements and transaction histories, from January 1, 2026, through the date of production, for each account into which customer receipts were deposited or from which HWC's operating expenses were paid; and **(E)** HWC's current accounts receivable aging report, accounts payable aging report, and a schedule of its outstanding loans and other material liabilities.

**(15)** HWC shall produce the records as maintained in the ordinary course of business and, where reasonably available, in a searchable or

electronically usable format. HWC is not required to create a document that does not already exist, but shall identify any requested category for which it maintains no responsive record.

**(16)** HWC shall redact customer names, customer account numbers, Social Security numbers, and all but the last four digits of financial account numbers. The Tribe's legal counsel may use the records for purposes of this litigation and may disclose them to Tribal staff and retained financial professional.

**(17)** The financial production is ordered to permit the Court to determine whether a change in the coercive civil sanction is warranted. Nothing in this Order presently determines or awards disgorgement, damages, or other compensatory monetary relief.

## V. CPUC COOPERATION, JOINT STATUS REPORT, AND STATUS HEARING

**(18)** Both parties shall contact and cooperate with the California Public Utilities Commission ("CPUC") and other relevant state or federal agencies regarding an alternative source of water for HWC's customers and/or the potential appointment of a special master or neutral regarding operation of the water delivery system.

**(19)** No later than noon Pacific Time on September 28, 2026, the parties shall file a joint status report addressing: **(A)** their contacts and cooperation with the CPUC and other relevant agencies; **(B)** the status of efforts to secure an alternative source of water; **(C)** the status of any CPUC receivership process or potential appointment of a special master or neutral; **(D)** HWC's compliance with the Ejectment Order and payment of the coercive civil sanction; and **(E)** HWC's compliance with the financial production requirement.

**(20)** A status conference is set for October 1, 2026, at 8:30 a.m. The parties shall appear telephonically, consistent with the Court's oral direction, and shall be prepared to address the matters identified in paragraph 19.

## VI. TRIBAL RIGHTS AND LIMITING CLARIFICATIONS

**(21)** Nothing in this Order, including payment of the sanction, cooperation with governmental agencies, or the appointment of a receiver, special master, or neutral: **(A)** creates or recognizes an easement, license, possessory interest, right of access, or other land right against the Tribe; **(B)** constitutes the Tribe's consent to continued use of its lands; **(C)** shifts HWC's operational costs, obligations, or liabilities to the Tribe; or **(D)** waives the Tribe's sovereign immunity. Any use of the Tribe's lands requires the Tribe's express written consent and all otherwise required governmental approvals.

## VII. CONTINUING EFFECT, RESERVED MATTERS, FINALITY, AND JURISDICTION

**(22)** The Court retains jurisdiction to enforce this Order and the Ejectment Order, determine whether and when HWC achieves full compliance, adjudicate disputes concerning the required financial production, and determine whether the coercive civil sanction should be increased prospectively.

**(23)** This Order constitutes the Court's final disposition of the Tribe's Application, Dkt. 330, while preserving the Court's continuing enforcement jurisdiction and authority to modify the coercive sanction prospectively.

**IT IS SO ORDERED.**

DATED: September 2, 2026

George H. Wu

**HON. GEORGE H. WU**
**UNITED STATES DISTRICT JUDGE**